# IN THE COURT OF APPEALS OF IOWA

———————

No. 25-0596
Filed April 1, 2026

———————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Joseph Robert Harris,**
Defendant–Appellant.

———————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Mark T. Hostager, Judge.

———————

**AFFIRMED**

———————

Ryan J. Mitchell of Orsborn, Mitchell & Goedken, P.C., Ottumwa,
attorney for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, attorneys for appellee.

———————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Joseph Robert Harris challenges his guilty plea to one count of possession of methamphetamine. He argues he entered a guilty plea under duress and coercion. Upon our review, we affirm.

## BACKGROUND FACTS & PROCEEDINGS

After an individual was brought to a Dubuque area hospital with a suspected drug overdose, officers with the Dubuque drug task force began a narcotics investigation to find the source of the drugs. Throughout the investigation, they determined the overdose occurred at the residence of Harris. Police officers conducted a search warrant on the home. During the search of the home, officers recovered methamphetamine and drug paraphernalia in Harris's bedroom and additional paraphernalia in other areas of the home.

As a result, the Dubuque County Attorney's Office charged Harris with possession of methamphetamine, a serious misdemeanor, in violation of Iowa Code section 124.401(5) (2025). Harris reached a plea agreement with the State where he would enter a guilty plea to possession of methamphetamine in this case. Harris also agreed to plead guilty to assault and possession of cocaine in two other pending cases. The terms of the global plea agreement included a recommendation that Harris serve fifteen days in the Dubuque County Jail for each offense he pleaded guilty to and a $430 fine for the two possession-of-controlled-substances charges. All sentences would be served concurrently.

At sentencing, the district court sentenced Harris to fifteen days in jail for assault. Harris was credited with the fifteen days he had already served. But on the two possession charges, the district court rejected the terms of the

plea agreement and imposed a 180-day jail sentence and suspended the sentence in favor of probation.  Harris now appeals.

## JURISDICTION

Because Harris pleaded guilty, he has no right of appeal unless he establishes good cause.  *See* Iowa Code § 814.6(1)(a)(3).  And Harris raises a challenge to the plea procedure which must first be raised in a motion in arrest of judgment.  *See* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").  Harris did not file a motion in arrest of judgment, but the district court's advisory of this requirement was exactly the same advisory our supreme court has found to be inadequate in a prior case.  *See State v. Hightower*, 8 N.W.3d 527, 535–36 (Iowa 2024).[1]  Because Harris was not properly advised of the requirement, we find Harris has established good cause and we have jurisdiction over this appeal.

## DISCUSSION

We next turn to Harris's challenges to his guilty plea.  Harris argues his guilty plea should be vacated because the plea proceedings were defective and he was coerced to plead guilty.  Specifically, he alleges he was told by his attorney that "he had no other choice."  And Harris argues he was promised

---

[1] The advisory informed Harris that if he were "sentenced immediately," he would lose the "right to challenge" plea defects "by motion in arrest of judgment and appeal to a higher court."  But Harris did not receive immediate sentencing.  So, Harris could have filed a motion in arrest of judgment "at least five (5) days prior to the Court imposing sentence, but no more than 45 days from" the date of the plea.  But he was not informed the consequences for not doing so, and that rendered the advisory deficient.  *See Hightower*, 8 N.W.3d at 536.

by his attorney he would not be placed on probation, but he ultimately was. The State responds that these claims are an attempt to raise ineffective assistance of counsel without using those words. We agree that Harris's argument on appeal is an ineffective-assistance-of-counsel claim. *State v. Williams*, No. 24-0797, 2025 WL 1704308, at *2 (Iowa Ct. App. June 18, 2025) (finding a defendant's structural-error claim alleging "effectively a complete denial" of counsel was ineffective assistance by another name). But we cannot decide such claims on direct appeal. *See* Iowa Code § 814.7 (stating that claims of ineffective assistance of counsel "shall not be decided on direct appeal from the criminal proceedings"); *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("Because we have just upheld the constitutionality of section 814.7, this court is without authority to decide ineffective-assistance-of-counsel claims on direct appeal."). We leave them for postconviction-relief proceedings and do not consider them further here. Accordingly, we affirm the district court.

**AFFIRMED.**